**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-6104

FRANKLIN DELINOR WAYMAN, a/k/a
Franklin Delano Wayman,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CR-96-43, CA-97-816-5)

Submitted: May 29, 1998

Decided: June 24, 1998

Before MURNAGHAN, ERVIN, and WILLIAMS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Franklin Delinor Wayman, Appellant Pro Se. Michael Lee Keller,
Michael O. Callaghan, OFFICE OF THE UNITED STATES
ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Franklin Delinor Wayman seeks to appeal the district court's order denying as untimely his motion filed under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998). We have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find that Wayman's motion was timely filed. See Fed. R. App. P. 4(b); 28 U.S.C.A. § 2244(d)(1)(A) (stating that a judgment becomes final at the conclusion of direct review or the expiration of the time for seeking such review). We find that Wayman's motion was filed on the 365th day after the judgment became final.* Accordingly, we vacate the judgment of the district court and remand for consideration of the merits of Wayman's motion. We defer ruling on Wayman's request for a certificate of appealability pending the district court's consideration of the merits on remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED
_____
*Wayman's conviction was entered on the docket on August 6, 1996. The last day to file an appeal was August 16, 1996. See Fed. R. App. P. 4(b). One year beyond that date, August 16, 1997, fell on a Saturday. Thus, Wayman had until Monday, August 18, 1997, to file his § 2255 motion. See Fed. R. Civ. P. 6(a). His motion was filed that day.

2